AARON J. MOSS (SBN 190625)
AMoss@GreenbergGlusker.com
ELIZABETH SBARDELLATI (SBN 293695)
ESbardellati@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Plaintiff
JAMES STEVEN ROSENFIELD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES STEVEN ROSENFIELD,<br><br>Plaintiff,<br><br>v.<br><br>RUNYON GROUP, LLC, a California Limited Liability Company, ATLAS CAPITAL GROUP, LLC, a Delaware Limited Liability Company, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No. 2:18-cv-3796<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**<br><br>**(2) UNFAIR BUSINESS PRACTICES (CAL. BUS. & PROF. CODE §§ 17200** *et seq.***)**<br><br>**(3) UNFAIR COMPETITION (CALIFORNIA COMMON LAW)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff James Steven Rosenfield ("Plaintiff") alleges as follows:

## INTRODUCTION

1. Plaintiff owns trademark rights in the Country Mart brand (the "COUNTRY MART Mark"). Plaintiff uses and/or licenses the COUNTRY MART Mark in commerce in connection with the historic Brentwood Country Mart in Los Angeles and its sister shopping center projects Marin Country Mart in Northern California and Montecito Country Mart in Santa Barbara County (collectively, the "Country Mart Centers").

2. The Country Mart Centers are community centers offering an eclectic mix of restaurants, stores and services providing the public with the opportunity to gather, eat and shop in open-air communal spaces. The Country Mart Centers are known for their celebration of local artisans and vibrant open-air feel in an appealing vintage inspired setting. The oldest of the Country Mart Centers, Brentwood Country Mart, has been operating continuously under that name since 1948 and is a widely recognized and beloved Los Angeles institution. Plaintiff has invested substantial time, effort and expense maintaining the strength of the well-known "Country Mart" brand. As a result, Plaintiff has built substantial goodwill, distinctiveness and common law rights in the COUNTRY MART Mark, which he is entitled to protect.

3. Defendants are currently developing a shopping center in Los Angeles' San Fernando Valley that they call "Valley Country Mart" (the "Unauthorized Center"). Defendants have described the Unauthorized Center as a "reimagining of a classic 1950s neighborhood marketplace that will feature a thoroughly edited selection of…independent merchants, local chefs and neighborhood services"—a description that immediately conveys the concept and feel of the Country Mart Centers. While Defendants' shopping center has not yet opened, Defendants have already installed signage at the center using not only the confusingly similar name,

1  but a confusingly similar logo as well, as depicted in the photographs below:

 

4. Plaintiff has not authorized or otherwise granted Defendants permission to use the COUNTRY MART Mark in connection with the Unauthorized Center. Defendants are featuring the COUNTRY MART Mark in advertising, promotions and marketing material for the Unauthorized Center directed to prospective tenants, including current tenants of the Country Mart Centers. Defendants' conduct is likely to cause, and has already caused, consumer confusion. Despite Plaintiff's repeated attempts to resolve this matter without litigation, Defendants have refused to change the name of their center. Indeed, their conduct evidences a deliberate attempt to trade on Plaintiff's rights for their own commercial advantage. Accordingly, Plaintiff has been forced to file this lawsuit.

## JURISDICTION AND VENUE

4. This action arises under the Lanham Act, 15 U.S.C. section 1125, as well under California statutory and common law. The Court has original jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C § 1367(a).

5. Venue in this Judicial District is proper under 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and one or more defendants reside in this District within the meaning of 28 U.S.C. § 1391(c).

## THE PARTIES

6. Plaintiff is a California resident and real estate developer in the business of restoring, renovating and operating shopping centers.

7. Plaintiff is informed and believes, and based thereon alleges, that defendant Runyon Group, LLC ("Runyon") is a limited liability company organized and existing under the laws of the state of California with its principal place of business in Culver City, California.

8. Plaintiff is informed and believes, and based thereon alleges, that defendant Atlas Group, LLC ("Atlas") is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in New York, New York. Plaintiff is informed and believes, and based thereon alleges, that Atlas regularly does business in California and has an office located in Los Angeles, California.

9. Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and based thereon alleges, that each fictitiously named defendant is responsible in some way for the unlawful conduct at issue in this Complaint, and is liable to Plaintiff therefor. Runyon, Atlas and Does 1 through 10 are sometimes referred to collectively herein as "Defendants."

10. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant herein, each of the Defendants was the agent, servant, or employee

of each other Defendant, and at all times relevant herein was acting within the scope of such agency. As such, each and every Defendant herein is equally responsible in whole or in part for each and every act alleged herein.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF
### Plaintiff's Rights in the Country Mart Mark

11. Plaintiff is a real estate developer who focuses on the restoration and renovation of shopping environments that feature outdoor community spaces with exceptional high quality merchants. Plaintiff, individually and/or through the James Steven Rosenfield Revocable Trust, owns the COUNTRY MART Mark. Plaintiff and/or his licensees use the COUNTRY MART Mark in connection with vintage inspired shopping centers.

12. Included in Plaintiff's property portfolio is the Brentwood Country Mart in Los Angeles County. Likewise, Plaintiff licenses the COUNTRY MART Mark for use in connection with the Montecito Country Mart in Santa Barbara County and the Marin Country Mart in Northern California. The Country Mart Centers are located in restored vintage shopping spaces from the mid-twentieth century and are designed to re-create the experience of old-fashioned community gathering spaces.

13. Plaintiff's Brentwood Country Mart (the longest operating of the Country Mart Centers) has been operating continuously under that name since at least as early as 1948.

14. Each of the Country Mart Centers is branded with the COUNTRY MART Mark, which is immediately preceded by the location of that particular Country Mart Center. In addition, the logo for each Country Mart Center uses stylized versions of the COUNTRY MART Mark, as set forth below (the "Country Mart Logos").



15. Each Country Mart Logo incorporates the location of a specific Country Mart Center immediately followed by the words "country" and "mart." All of the Country Mart Logos incorporate an element of cursive.

16. The Country Mart Centers offer a mix of local artisanal retailers, luxury goods, high quality food and communal gathering and dining spaces. Plaintiff and/or his licensees carefully curate the Country Mart Centers to ensure that consumers are provided exceptional service by only the highest-quality retailers. The resulting concept is a familiar and community driven environment in which visitors feel relaxed and at home.

17. Tenants of the Country Mart Centers include service providers such as barber shops and shoe repair shops; purveyors of luxury goods such as James Perse, Calypso St. Barth and Intermix; children's boutiques including Poppy Store and Toy Crazy; and dining services including artisanal ice cream, casual eateries and full-service restaurants.

18. Over the years, Plaintiff has spent a substantial amount of time and money promoting the Country Mart Centers under the COUNTRY MART Mark. As a result of these activities, the COUNTRY MART Mark has acquired tremendous goodwill and great value as a specific identifier of the Country Mart Centers and the goods and services offered there. As such, the COUNTRY MART Mark has acquired secondary meaning in the minds of relevant members of the public as a symbol of the high quality of Plaintiff's goods, services and goodwill.

**Defendants' Unauthorized and Infringing Conduct**

19. Defendants Runyon and Atlas are real estate development companies that are currently developing the Unauthorized Center they call "Valley Country Mart" in Woodland Hills—a neighborhood located in Los Angeles, California's

San Fernando Valley.

20. Defendants are using the COUNTRY MART Mark without authorization in connection with the Unauthorized Center. Like the Country Mart Centers, the Unauthorized Center also uses the geographic location of the shopping center (the "Valley") immediately before the words "country mart."

21. In or about early 2016, a minority owner of the Brentwood Country Mart center presented Defendants with the "Valley Country Mart" concept for their new development project. However, Defendants never obtained a license or any other permission from Plaintiff to use the COUNTRY MART Mark in connection with the Unauthorized Center or otherwise. Instead, with full knowledge of Plaintiff's rights in the COUNTRY MART Mark, Defendants moved forward with the Unauthorized Center under the Valley Country Mart name.

22. In or about February 2017, Defendants publicly announced the Valley Country Mart project. Defendants' marketing and promotional materials described the Unauthorized Center as "a thoughtfully edited selection of Southern California's best independent merchants, internationally renowned contemporary brands and a variety of incredible eateries" set in a "classic 1950's Los Angeles structure." This description could have been written to perfectly describe the Country Mart Centers.

23. In or about February 2017, Defendants began marketing the Unauthorized Center to prospective tenants, including businesses who were already tenants of the Country Mart Centers. Defendants used the COUNTRY MART Mark without authorization when reaching out to prospective tenants. Defendants' intentionally designed their marketing materials such that the name "Valley Country Mart" appears in a stylized font confusingly similar to the Country Mart Logos. As set forth below, Defendants' logo utilizes the geographic location of the Unauthorized Center ("Valley") followed by the words "country" and "mart" and incorporates cursive, just as the Country Mart Logos do.

*Valley Country Mart* [logo]

24. On or about February 16, 2017, Plaintiff's attorney sent a letter to Defendants demanding that Defendants cease and desist using the COUNTRY MART Mark in connection with the Unauthorized Center.

25. Although Defendants did not comply with Plaintiff's demand, Plaintiff learned that the Unauthorized Center was delayed and might not proceed. Thereafter, Plaintiff continued to monitor the status of the Unauthorized Center. Then, in late 2017 and early 2018 Plaintiff learned that Defendants were again actively seeking tenants for the Unauthorized Center. Among those tenants were current tenants of the Country Mart Centers. Plaintiff is informed and believes, and based thereon alleges, that Defendants intend to open the Unauthorized Center in Spring 2018 under the name "Valley Country Mart."

26. On or about February 7, 2018, Plaintiff wrote to Defendants in a final attempt to see if the matter could be resolved without litigation. Defendants never responded.

27. Plaintiff has not consented to Defendants' use of the COUNTRY MART Mark for any products or services.

28. Defendants' use of a mark that is identical to Plaintiff's COUNTRY MART Mark and a logo that is confusingly similar to the Country Mart Logos in connection with the marketing, advertising and promotion of their services is likely to cause, and has in fact already caused confusion and mistake in the minds of the public and relevant consumers; is likely to damage Plaintiff's COUNTRY MART Mark; and tends to and does falsely create the impression that Defendants' services offered under the "Valley Country Mart" name originate from or are authorized, sponsored, or approved by Plaintiff when they are not.

29. As set forth above, Defendants' unauthorized and unlawful conduct

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

has caused actual confusion in the marketplace.  Set forth below are exemplary e-mail excerpts showing the confusion Defendants' conduct has caused among sophisticated tenants and prospective tenants:

> **From:** Ali Elman <ali@basecoatnailsalon.com>
> **Date:** March 21, 2017 at 9:13:12 PM PDT
> **To:** sarah simon <sarahmeyersimon@gmail.com>
> **Subject: Fwd: Base Coat + Valley Country Mart**
>
> Check this out..
> Is this the same owner as SB Country Mart?
>
> Sent from my iPhone
>
> Begin forwarded message:
>
>> **From:** David Fishbein <david@runyongroup.com>
>> **Date:** March 21, 2017 at 8:53:08 PM PDT
>> **To:** "Ali@basecoatnailsalon.com" <Ali@basecoatnailsalon.com>
>> **Cc:** Erin Mavian <erin@runyongroup.com>
>> **Subject: Base Coat + Valley Country Mart**
>>
>> Hi Ali,
>>
>> I hope you have been well.
>>
>> I was given your contact by Gara Post at The NOW, who suggested I reach out to you on our latest project, Valley Country Mart. I think it could be a really terrific location for Base Coat when we open Spring 2018.
>>
>> We are redeveloping a classic 1950's Los Angeles center into the charming community centerpiece of the West Valley (an area that includes the affluent neighborhoods of Calabasas, Woodland Hills, Hidden Hills, Encino, and Tarzana).
>>
>> Valley Country Mart will include a thoughtfully edited selection of Southern California's best independent merchants, internationally renowned contemporary brands, and a number of incredible eateries.
>>
>> Attached is a digital look book for your review. I'd love to set up a time to connect to walk you through our plans.
>>
>> Best,
>>
>> David

> **Cc:** Josh Weisman <josh@jsrosenfield.com>
>
> Is this you guys?
>
> Matt Holmes-415-601-8337
> Sent this from his iPhone
>
> Begin forwarded message:
>
>> **From:** David Fishbein | RUNYON <david@runyongroup.com>
>> **Date:** February 15, 2017 at 10:00:54 AM PST
>> **To:** <mholmes@retailwestinc.com>
>> **Subject: Valley Country Mart**
>> **Reply-To:** David Fishbein | RUNYON <david@runyongroup.com>

30. Although explicitly advised of Plaintiff's COUNTRY MART Mark, Defendants have refused to cease using the Valley Country Mart name in connection with the Unauthorized Center. Thus, Defendants' conduct constitutes willful and intentional infringement of Plaintiff's COUNTRY MART Mark and Country Mart Logos, in total disregard of Plaintiff's rights. Defendants' conduct has continued despite Defendants' knowledge that their actions are in direct contravention of Plaintiff's rights.

31. As a direct and proximate result of Defendants' unlawful conduct as set forth above, Plaintiff has suffered, and will continue to suffer, irreparable injury to the COUNTRY MART Mark as well as irreparable injury to the goodwill and business reputation associated with Plaintiff's COUNTRY MART Mark.

32. Unless Defendants are enjoined and restrained by this Court from engaging in the unlawful conduct described above, Plaintiff will continue to suffer irreparable harm.

## FIRST CLAIM FOR RELIEF

### Against All Defendants for Violation of

### Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

33. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 32, inclusive, as though they were fully set forth herein.

34. By using the Valley Country Mart name in connection with the advertising, promotion and marketing of the Unauthorized Center, and/or by authorizing or contributing to the foregoing, without Plaintiff's permission or consent, Defendants have created, and will continue to create, confusion in the marketplace and have falsely created the impression in the minds of the public that Plaintiff and the Country Mart Centers and COUNTRY MART Mark are somehow associated or affiliated with Defendants; that Plaintiff is somehow sponsoring or endorsing Defendants' Unauthorized Center; and/or that Plaintiff approved and/or

authorized Defendants' use of the Valley Country Mart name and COUNTRY MART Mark. Such conduct violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has been damaged and is entitled to recover Defendants' wrongfully obtained profits and three times Plaintiff's actual damages, pursuant to 15 U.S.C. § 1117(a).

36. Defendants' violation of the Lanham Act has caused and will cause irreparable harm to Plaintiff which cannot be fully compensated by money. Plaintiff has no adequate remedy at law. Therefore, in addition to monetary relief, Plaintiff is entitled to preliminary and permanent injunctive relief preventing Defendants from continuing to use the Valley Country Mart name or the COUNTRY MART Mark, or any confusingly similar variations thereof, on or in connection with the Unauthorized Center, or the advertising of the Unauthorized Center.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in the foregoing conduct knowingly, willfully and oppressively, intending to appropriate Plaintiff's intellectual property to the detriment of Plaintiff and to the confusion of the public. This constitutes an exceptional case within the meaning Section 35 of the Lanham Act, 15 U.S.C. § 1117, for which Plaintiff is entitled to his attorneys' fees.

## SECOND CLAIM FOR RELIEF

**Against All Defendants for Unfair Business Practices**

**(Cal. Bus. & Prof. Code Sections 17200 *et seq.*)**

38. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 37, inclusive, as though they were fully set forth herein.

39. By their conduct as alleged above, Defendants have violated and

infringed Plaintiff's common law rights in the COUNTRY MART Mark and the Country Mart Logos, and have otherwise competed unfairly with Plaintiff in violation of section 17200 *et seq.* of the California Business and Professions code.

40. Plaintiff is entitled to relief against Defendants, including full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of such unfair, deceptive, and/or fraudulent business practices.

41. Defendants' unlawful conduct has caused and will cause irreparable harm to Plaintiff which cannot be fully compensated by money. Plaintiff has no adequate remedy at law. Therefore, in addition to monetary relief, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining Defendants from engaging in further acts of unfair competition.

## THIRD CLAIM FOR RELIEF
### Against All Defendants for Unfair Competition
### (California Common Law)

42. Plaintiff realleges and incorporates by this reference the allegations contained in paragraphs 1 through 41, inclusive, as though they were fully set forth herein.

43. By their conduct as alleged above, Defendants have violated and infringed Plaintiff's common law rights in the COUNTRY MART Mark and the Country Mart Logos, and have otherwise competed unfairly with Plaintiff in violation of the common law of the state of California.

44. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and is entitled to monetary damages in an amount to be proven at trial

45. Plaintiff is entitled to relief against Defendants, including full restitution and/or disgorgement of all profits and benefits that may have been obtained by Defendants as a result of such unfair competition.

46. Defendants' unlawful conduct has caused and will cause irreparable harm to Plaintiff which cannot be fully compensated by money. Plaintiff has no adequate remedy at law. Therefore, in addition to monetary relief, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining Defendants from engaging in further acts of unfair competition

47. Defendants' conduct is willful, wanton, malicious, oppressive, and in conscious disregard of Plaintiff's rights in the COUNTRY MART Mark and the Country Mart Logos, justifying punitive and exemplary damages under California Civil Code Section 3294 and based upon common law unfair competition principles.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment as follows:

As to All Claims for Relief:

    a. For preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, servants, employees, partners, subsidiaries and attorneys, and all persons acting in concert with one or more of them, or on any of their respective behalves, from using Plaintiff's COUNTRY MART Mark, or any confusingly similar variations thereof (including the mark "Valley Country Mart" and/or any mark utilizing the phrase "Country Mart"), in connection with shopping centers and the development and leasing thereof, or from otherwise infringing upon Plaintiff's COUNTRY MART Mark or competing unfairly with Plaintiff;

    b. For an order requiring that all advertising, marketing and/or promotional materials bearing a confusingly similar mark to Plaintiff's COUNTRY MART Mark be recalled, removed and destroyed and requiring that Defendants notify any and all recipients of such materials that they are not affiliated with Plaintiff;

      c.    For an award of Plaintiff's damages;

      d.    For an order requiring Defendants to disgorge all profits and/or benefits they obtained as a result of their wrongful conduct;

      e.    For an award of treble damages resulting from Defendants' willful and intentional conduct;

      f.    For an award of punitive and exemplary damages;

      g.    For Plaintiff's costs of suit herein and reasonable attorneys' fees incurred herein, to the extent available by law; and

      h.    For such other further relief in Plaintiff's favor as the Court may deem just and proper.

DATED: May 7, 2018

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: /s/ Aaron J. Moss
AARON J. MOSS (SBN 190625)
ELIZABETH SBARDELLATI (SBN 293695)
Attorneys for Plaintiff JAMES STEVEN ROSENFIELD

# JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(a), Plaintiff demands a trial by jury on all issues so triable.

DATED: May 7, 2018

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP

By: /s/ Aaron J. Moss
　　AARON J. MOSS (SBN 190625)
　　ELIZABETH SBARDELLATI (SBN 293695)
　　Attorneys for Plaintiff JAMES STEVEN ROSENFIELD

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590